SCHOTT, Judge.
Mrs. Schaefer has appealed from a judgment dismissing her rule to accumulate past due alimony pendente lite.
Included in the default judgment of separation taken by Mr. Schaefer on July 24, 1974, was a provision granting Mrs. Schae-fer alimony pendente lite in the amount of $350 per month “and granting further alimony pendente lite equal to one-half (V2) of all dividends received from Delta Centrifugal Casting Corporation and from McGoey’s Supply Company, Inc. after the plaintiff has paid taxes on these dividends, payable when received.” The rule to accumulate past due alimony was concerned with Mr. Schaefer’s alleged failure to pay the amount due Mrs. Schaefer out of such dividends.
Mrs. Schaefer relies on an entry in the financial statements prepared by Bourgeois, Bennett, Thokey & Hickey, a firm of certified public accountants and given to the Board of Directors of McGoey Supply Company on January 28, 1976. In those statements is contained an entry that $61,781 was paid in dividends during the fiscal year ending July 31, 1975.
This corporation was a “Subchapter S” corporation (26 U.S.C.A. § 1371, et seq.) until August 1, 1974, pursuant to an election made on August 1, 1972, while Mr. and Mrs. Schaefer were married. Mrs. Schaefer participated in this election by signing a consent form as Mr. Schaefer’s spouse in community. The Subchapter S election was terminated on August 1, 1974.
On his 1974 individual income tax return, also prepared by the Bourgeois, Bennett, Thokey & Hickey firm of accountants, Mr. Schaefer reported as “Income from Partnerships, Estates or Trusts, Small Business Corporations” some $30,626 from McGoey Supply Company. As income from dividends he reported $3,051 from McGoey.
He testified that the $30,626 represented his share of the $61,781 shown on the financial statements as dividends but that this was not dividends as such but rather his taxable share of the corporation’s profits for the fiscal year ending July 31, 1974. Asked when he received these funds, he testified that he received $13,480.77 in October, 1974, and $12,000 in November.
The effect of an election by a corporation as to Subchapter S tax status is that the corporation is not subject to corporate income tax. 26 U.S.C.A. § 1372(b). As a further result, undistributed taxable income of the corporation must be included in the gross income of the shareholders. § 1373(a). Undistributed taxable income is defined in § 1373(c) to be taxable income less the amount of money distributed as dividends during the taxable year.
There is no evidence that McGoey distributed any dividends during the taxable year ending July 31, 1974. As to the payments made to Schaefer in October and November, 1974, by the corporation these were apparently made in accordance with § 1375(f)(1) which provides that such distributions made on or before the 15th day of the third month after the close of the taxable year shall be treated as distributions of the corporation’s undistributed taxable income and shall not be considered as dividends. From this we have concluded that the trial judge was correct in deciding that Mr. Schaefer’s share of the $61,781 was not dividends.
*229 Thus, Mrs. Schaefer was entitled only to a share of the dividend in the amount of $3,051 paid in the first quarter of McGoey’s 1974-1975 taxable year after it terminated its Subchapter S election. Since she was paid this amount and is entitled to no more the judgment appealed from is affirmed.
AFFIRMED.